### 17329.  VAUGHN v. BANK OF TOCCOA.

JENKINS, P. J.   "In order to maintain a claim to chattels which is founded solely on the contention that they are the product or increment of duly exempted personalty, it is incumbent upon the claimant to prove affirmatively that the subject-matter of the claim was obtained in exchange for exempted property or the proceeds thereof, or by labor exerted in connection with the use or consumption of such property, so that the newly acquired personalty could with fairness and reason be said to take the place of that which had been set apart." *Culver* v. *Tappan,* 113 *Ga.* 525 (38 S. E. 944).

It indisputably appearing that the personal property levied upon consisted largely of property acquired from a source independent of the proceeds of the homestead, and the defendant in fi. fa. having failed to show which part, if any, of the property levied upon represented the proceeds of the homestead, the verdict sustaining the levy was demanded by the evidence.     *Judgment affirmed.  Stephens and Bell, JJ., concur.*

DECIDED OCTOBER 13, 1926.

Affidavit of illegality of execution; from Franklin superior court —Judge W. L. Hodges.   February 20, 1926.

*W. R. Little,* for plaintiff in error.

*George L. Goode,* contra.

Exemptions, 25 C. J. p. 159, n. 10.